IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LOUIE,

    Plaintiff,                      No. CIV S-11-0108 MCE EFB PS

    vs.

STOMER FAMILY 2000 REVOCABLE
TRUST dba STOMER REALTY, et al.,

    Defendants.             ORDER
_____/

In this action, plaintiff alleges claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, and supplemental state law claims. Compl., Dckt. No. 1. Notices of liens were filed by judgment creditors of plaintiff. Dckt. Nos. 4, 5. Noticed for hearing on March 16, 2011 is a motion of one of the lienholders to set aside the dismissal of various defendants whom plaintiff had voluntarily dismissed from this action. Dckt. No. 12. The lienholders contend that under California Code of Civil Procedure section 708.440 and Federal Rule of Civil Procedure 64,[1] plaintiff may not dismiss a defendant absent consent of the lienholder or by order of the court. *Id.*; *see also* Dckt. No 20. Also noticed for hearing on March

---

[1] It appears the lienholder should have properly invoked Federal Rule of Civil Procedure 69, not 64. *See generally Paul Revere Ins. Group v. United States*, 500 F.3d 957, 960 (9th Cir. 2007) (under Rule 69, judgment creditor United States pursued enforcement of restitution judgment under Cal. Code Civ. Proc. § 708.410).

1

1  16, 2011 is a motion to sever brought by several of the defendants named in this action. Dckt.
2  No. 16.

3  On February 22, 2011, plaintiff filed a document in which he states all defendants named
4  in this action have settled and that only injunctive relief has been provided under the settlement
5  agreement.[2] Dckt. No. 19. The court will construe plaintiff's February 22, 2011 filing as a
6  motion made under California Code of Civil Procedure section 708.440(b). It appears that
7  dismissal of all defendants may be warranted even absent consent of the lienholders since no
8  money judgment shall be had by plaintiff, the judgment debtor, and because the injunctive relief
9  agreed to by the parties furthers the purpose of the ADA. The matter will therefore be set for
10 hearing to afford the lienholders and defendants an opportunity to be heard regarding dismissal
11 of defendants with prejudice. *See Oldham v. Cal. Capital Fund*, 109 Cal.App.4th 421, 432
12 (2003).

13  Accordingly, IT IS HEREBY ORDERED that:

14  1. The March 16, 2011 hearing on the motion to set aside dismissals, Dckt. No. 12, is
15 vacated.

16  2. The March 16, 2011 hearing on the motion to sever, Dckt. No. 16, is vacated.

17  3. This matter is set for hearing on March 30, 2011 at 10:00 a.m. in Courtroom No. 24.
18 Any opposition to plaintiff's request to settle this action for injunctive relief only shall be filed
19 no later than March 16, 2011.

20 /////
21 /////
22 /////
23 /////

---

25  [2] The court notes that the purported settlement agreement is not signed by defendants.
26 Plaintiff is cautioned that under Federal Rule of Civil Procedure 11, sanctions will be imposed if
   plaintiff has misrepresented the agreement of defendants to settle for injunctive relief only.

2

1     4.  Defendants need not file a response to plaintiff's complaint pending resolution of the
2  instant matter.
3  DATED:  February 28, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3