IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

        Plaintiff,                  No. 2:11-cv-00108 JAM KJN PS

    v.

STOMER FAMILY 2000 REVOCABLE
TRUST dba STROMER REALTY, et al.,

        Defendants.            ORDER
_____/

       United States District Judge John A. Mendez closed this case on December 14, 2011, after plaintiff's claims were abandoned by the Chapter 7 bankruptcy trustee in plaintiff's bankruptcy action and after the case was referred back to the district court.  (See Minute Order, Dec. 14, 2011, Dkt. No. 51.)  Nevertheless, two motions filed by an intervening non-party lien claimant, Elena Sadur, are presently before the court (Dkt. Nos. 52-53).[1]  First, Sadur moves the court to set aside the dismissal of this case on the grounds that plaintiff did not seek Sadur's consent, as a lien claimant, to the dismissal of this case or notice a hearing concerning the dismissal.  Thus, she claims that pursuant to California Code of Civil Procedure § 708.440, as incorporated into the Federal Rules of Civil Procedure, Judge Mendez's closure of this case was

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

erroneous. Sadur's apparent, underlying aim had appeared to be to keep this case open long enough for the court to rule on Sadur's second pending motion, which is a motion to declare plaintiff a vexatious litigant and to require, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), that plaintiff obtain approval from the Chief Judge of this court before filing any future cases in this court pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq, and various other federal and California statutes.

The court heard Sadur's motions on its law and motion calendar on March 1, 2012. Attorney David D. Wong appeared by telephone on behalf of Sadur. Plaintiff, who is proceeding without counsel, appeared on his own behalf. None of the defendants in this closed case appeared at the hearing.

The undersigned has considered the briefs, oral arguments, and appropriate portions of the record in this case. For the reasons stated on the record at the hearing, the undersigned denies Sadur's motion to declare plaintiff a vexatious litigant, which Wong conceded at the hearing has absolutely no connection to, and would have no impact on, this case.

In regards to Sadur's motion to set aside Judge Mendez's dismissal of this case pursuant to California Code of Civil Procedure § 708.440,[2] Wong represented to the court at the

---

[2] In relevant part, California Code of Civil Procedure § 708.440 provides:

> (a) Except as provided in subdivision (c) of Section 708.410, unless the judgment creditor's money judgment is first satisfied or the lien is released, . . . no compromise, dismissal, settlement, or satisfaction of the pending action or special proceeding or the judgment procured therein may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court obtained under subdivision (b).
>
> (b) Upon application by the judgment debtor, the court in which the action or special proceeding is pending or the judgment procured therein is entered may, in its discretion, after a hearing, make an order described in subdivision (a) that may include such terms and conditions as the court deems necessary. The application for an order under this subdivision shall be made on noticed motion. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail.

hearing, for the first time, that Sadur's motion is not designed simply to pursue the now-denied motion to declare plaintiff a vexatious litigant. Instead, Wong represented for the first time that his intent is to conduct discovery about the merits of the claims in this case. He conceded that his goal is to reopen the case, step into the shoes of plaintiff, start the entire case over from step one, and conduct discovery – including taking the deposition of plaintiff and conducting expert and non-expert discovery in regards to defendants' liability.[3] Wong cited to no legal authority supporting the proposition that California Code of Civil Procedure § 708.440 permits Sadur to compel the court to grant her such relief. Rather, Wong represented that his plain reading of the statute permits a lien claimant to reopen and restart a case and litigate the case in the plaintiff's shoes, even where the suit originally only resulted in injunctive relief and no money damages.[4]

---

In turn, California Code of Civil Procedure § 708.410(c) concerns service of a notice of lien on all parties to an action and provides, in part: "Failure to serve all parties as required by this subdivision does not affect the lien created by the filing under subdivision (b), but the rights of a party are not affected by the lien until the party has notice of the lien."

Sadur relies on Federal Rule of Civil Procedure 64(a) to render California's procedural rules applicable in this court and in this case. However, as the magistrate judge previously assigned to this case noted, it appears that Sadur's motion is more properly premised on Federal Rule of Civil Procedure 69(a)(1) (see Order, Feb. 28, 2011, at 1 n.1, Dkt. No. 23), which provides:

> **Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

See also Paul Revere Ins. Group v. United States, 500 F.3d 957, 960 (9th Cir. 2007) (noting that Federal Rule of Civil Procedure 69(a) governs execution proceedings in federal court).

[3] The undersigned noted that, curiously, Sadur has taken inconsistent positions in this case. In regards to her motion to set aside the dismissal of this case, Sadur contends that plaintiff's claims should be re-litigated because plaintiff was potentially entitled to money damages in this case that would satisfy Sadur's judgment lien. At the same time, however, Sadur argues in her motion to declare plaintiff a vexatious litigant that plaintiff consistently files meritless actions designed only to harass defendants, and that briefing is replete with *ad hominem* attacks on plaintiff.

[4] Wong's reading of the statute appears to be at odds, at least in part, with the California Law Revision Commission's view of the statute. Specifically, in regards to California Code of Civil Procedure § 708.440(b), the Law Revision Commission Comments to the 1982 adoption of the

3

As the undersigned stated at the hearing, if the statute so clearly provides the relief sought by Sadur here, the case reporters are presumably replete with decisions permitting that specific relief.  Accordingly, and because Sadur's sparingly supported brief cited no legal authority other than the statute itself, the undersigned orders Sadur to file a supplemental brief citing to specific legal authority supporting Wong's position regarding the specific relief sought for the first time at the hearing.

Accordingly. IT IS HEREBY ORDERED that:

1. Intervening non-party lien claimant Elena Sadur's motion to declare plaintiff a vexatious litigant (Dkt. No. 53) is denied.

2. No later than 5:00 p.m. on March 8, 2012, Sadur shall file a supplemental brief in support of her motion to set aside the dismissal of this case.  That supplemental brief must provide legal authority that supports Sadur's position that California Code of Civil Procedure § 708.440 requires the court to permit her to reopen this case, step into the shoes of plaintiff, start the entire case over from scratch, conduct expert and non-expert discovery of plaintiff and defendants, all in an effort to establish defendants' liability for money damages when the case was previously settled solely for injunctive relief.  Moreover, it should address how such a result would be consistent with the Law Revision Commission Comments to the 1982 adoption of the statute cited above.

3. The court may, in its discretion, order a response from plaintiff, defendants, or both, and set a hearing if it deems such briefing or hearing appropriate.

////

////

////

---

statute state: "The provision permitting compromise, dismissal, settlement, or satisfaction pursuant to court order despite the opposition of the judgment creditor is new and has been added to prevent, for example, the judgment creditor from forcing the judgment debtor to proceed with the action when the court concludes that it is in the best interests of the parties to settle."

4

      4.      Within seven days of the date of this order, Sadur shall serve a copy of this order on all of the named defendants in this case.

      IT IS SO ORDERED.

DATED: March 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE