IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

       Plaintiff,                 No. 2:11-cv-00108 JAM KJN PS

     v.

STOMER FAMILY 2000 REVOCABLE
TRUST dba STROMER REALTY, et al.,

       Defendants.          ORDER
_____/

       On March 1, 2012, the undersigned held a hearing addressed to two motions filed by intervening non-party lien claimant, Elena Sadur, consisting of: (1) Sadur motion set aside the dismissal of this case (Dkt. No. 53); and (2) motion to declare plaintiff a vexatious litigant (Dkt. No. 52).[1]  As stated at the hearing, the undersigned denied Sadur's motion to declare plaintiff a vexatious litigant and ordered Sadur to file supplemental briefing, within seven days of the date of the hearing, in regards to her motion to set aside the closure of this case.  Shortly after the hearing March 1, 2012, and before the undersigned entered a formal order after the hearing, Sadur filed her supplemental brief (Dkt. No. 78).  The undersigned's order denying Sadur's motion to declare plaintiff a vexatious litigant and ordering supplemental briefing was signed on

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

March 1, 2012, and docketed on March 2, 2012. (Order, Mar. 1, 2012, Dkt. No. 79.)

Although the undersigned appreciates Sadur's eagerness to file her supplemental brief, the undersigned requires Sadur to file an amended supplemental brief on the deadline set forth in the court's March 1, 2012. Such leave will allow Sadur to address all aspects of the court's order. Indeed, Sadur's failure to address the precise questions presented in the court's order may result in the imposition of sanctions on Sadur, her counsel, or both.

Accordingly, IT IS HEREBY ORDERED that:

1. Intervening non-party lien claimant Elena Sadur shall file an amended supplemental brief in accordance with the briefing schedule set forth in the court's March 1, 2012 order.

2. Sadur's failure to address the precise questions presented in the court's March 1, 2012 order may result in the imposition of sanctions on Sadur, her counsel, or both.

IT IS SO ORDERED.

DATED: March 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE