IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

    Plaintiff,                               No. 2:11-cv-00108 JAM KJN PS

    v.

STOMER FAMILY 2000 REVOCABLE
TRUST dba STROMER REALTY, et al.,

    Defendants.                          ORDER
_____/

        United States District Judge John A. Mendez closed this case on December 14, 2011, after plaintiff's claims were abandoned by the Chapter 7 bankruptcy trustee in plaintiff's bankruptcy action, and after the case was referred back to the district court. (See Minute Order, Dec. 14, 2011, Dkt. No. 51.) Pending before the undersigned is intervening non-party lien claimant Elena Sadur's motion to set aside the dismissal of this case (Dkt. No. 53).

        The undersigned does not recount in detail the procedural history of this case in this order. In short, the undersigned ordered Sadur to file a supplemental brief as follows:

> No later than 5:00 p.m. on March 8, 2012, Sadur shall file a supplemental brief in support of her motion to set aside the dismissal of this case. That supplemental brief must provide legal authority that supports Sadur's position that California Code of Civil Procedure § 708.440 requires the court to permit her to reopen this case, step into the shoes of plaintiff, start the entire case over from scratch, conduct expert and non-expert discovery of plaintiff and defendants, all in an effort to establish defendants' liability

for money damages when the case was previously settled solely for injunctive relief. Moreover, it should address how such a result would be consistent with the Law Revision Commission Comments to the 1982 adoption of the statute cited above.

(Order, Mar. 2, 2012, Dkt. No. 79; see also Order, Mar. 6, 2012, Dkt. No. 81.)

Sadur filed timely supplemental briefs (Dkt. Nos. 78, 82-83). Upon review of Sadur's supplemental briefs, the undersigned remains unconvinced that Sadur is entitled to litigate, or re-litigate, this case in the manner proposed by her counsel.

However, out of an abundance of caution, the undersigned orders plaintiff to provide additional information to the court so that the court may adequately decide the merits of Sadur's motion to set aside the dismissal. In particular, the undersigned would like to establish with certainty whether plaintiff recovered any money damages from the defendants with whom he entered settlement agreements. Plaintiff represented at an earlier hearing, and in earlier unsworn filings, that he only obtained injunctive relief in this case.

Accordingly, plaintiff shall file a declaration signed under penalty of perjury, or a sworn affidavit, representing to the court whether he obtained any monetary relief from the defendants with whom he entered settlement agreements. If plaintiff obtained monetary relief, plaintiff shall identify the defendants from whom he obtained monetary relief, and the amount thereof,[1] in his declaration or affidavit.

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff shall file declaration signed under penalty of perjury, or a sworn affidavit, that complies with the above-stated requirements no later than **May 31, 2012**.

////

////

---

[1] To the extent that plaintiff obtained monetary relief but the settlement agreement provides that the amount of the settlement is confidential, plaintiff may submit a copy of such settlement agreements in camera to the undersigned.

2

2. The court will direct lien claimant Elena Sadur to file a response to plaintiff's submission if the court believes such a response would be helpful. The court will not consider any such response filed by Sadur that was not specifically ordered by the court.

IT IS SO ORDERED.

DATED: April 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE