IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

    Plaintiff,                             No. 2:11-cv-00108 JAM KJN PS

    v.

STOMER FAMILY 2000 REVOCABLE
TRUST dba STROMER REALTY, et al.,

    Defendants.                   ORDER RE: SUPPLEMENTAL BRIEFING

        Pending before the court is a motion to set aside the dismissal of this case filed by intervening non-party lien claimant, Elena Sadur (Dkt. No. 53).[1] In an order filed on April 30, 2012, the undersigned ordered plaintiff to file a sworn affidavit or declaration under signed penalty of perjury that: (1) "represent[ed] to the court whether [plaintiff] obtained any monetary relief from the defendants with whom he entered settlement agreements" to resolve claims in this case; and if plaintiff obtained monetary relief, (2) identifies the defendants from whom plaintiff obtained monetary relief, and the amount of that relief. (Order, Apr. 30, 2012, at 2, Dkt. No. 88.)

        Plaintiff filed a declaration signed under penalty of perjury, which represents that except as to three sets of defendants, plaintiff only obtained injunctive relief from the defendants

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

in this case.² (Louie Decl. ¶ 3, Dkt. No. 90.) Plaintiff admits that "on/or before January 28, 2011," he obtained $6,000 in monetary settlements in this case. (Id.) Specifically, he represents that he obtained a monetary settlement of $2,000 from each of the following sets of defendants: (1) Glines Carpet, Inc., doing business as Carpet Cleaners; (2) Balwinder Malhi, Ranjinder Malhi, and Nice Motel; and (3) Kenneth L. Apple, doing business as Sunburst Patio & Fireside. (Id.)

Plaintiff's declaration raises a concern in regards to the payment of Sadur's liens. Plaintiff commenced this case on January 12, 2011; Sadur filed her notice of liens on January 24, 2012 (Dkt. No. 5); and plaintiff voluntarily dismissed the defendants from whom he obtained a monetary settlement on January 31, 2012 (Dkt. No. 8). Accordingly, the undersigned is inclined to recommend that this case be reopened for the limited purpose of entering an order of dismissal that requires plaintiff to pay up to $6,000 to Sadur in satisfaction of Sadur's liens against plaintiff. (See Notice of Liens, Dkt. No. 5.) On or before June 27, 2012, plaintiff shall file a supplemental brief addressing, with citations to appropriate legal authorities, why the court should not reopen this case for the limited purpose of entering an order of dismissal that requires plaintiff to pay to Sadur $6,000 in satisfaction of Sadur's liens against plaintiff. Plaintiff's brief shall not exceed ten pages in length, including exhibits.

The undersigned also orders Sadur to file a limited supplemental brief that clarifies the nature and amounts of her liens against plaintiff (see Dkt. No. 5 at 1-2, 8-11). First, Sadur shall include in a table the amount of each judgment that forms the basis of the liens at issue, the interest accrued on each of those judgments, if any, and the rate of interest. Second, Sadur shall identify what portion of the judgment entered by the Contra Costa County Superior

---

² Plaintiff also filed a request for judicial notice asking the court to take notice of the fact that Sadur's counsel, David D. Wong, has been repeatedly sanctioned by state and federal courts (Dkt. No. 89). The court denies plaintiff's request for judicial notice because the materials for which plaintiff seeks judicial notice have no relevance to the issues before the court. See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

1 | Court on September 8, 2008, Sadur is entitled to pursue as a lien claimant considering that the
2 | judgement was entered in favor of three defendants, two of which are not lien claimants here (see
3 | Dkt. No. 5 at 9-10).  Third, Sadur shall address whether any portion of the $6,000 in monetary
4 | settlements obtained by plaintiff and identified above was discharged in the bankruptcy
5 | proceedings concerning plaintiff.  Finally, Sadur shall address whether any portion of her liens
6 | were discharged or satisfied in the bankruptcy proceedings.  Sadur shall file her brief no later
7 | than June 27, 2012, and absent leave of court, her brief shall not exceed three pages in length,
8 | including exhibits.

      Accordingly, IT IS HEREBY ORDERED that no later than June 27, 2012, plaintiff and Elena Sadur shall file their respective supplemental briefs addressing the matters outlined above.

      IT IS SO ORDERED.

DATED:  June 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE