1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE S. LOUIE,

11              Plaintiff,                    No. 2:11-cv-00108 JAM KJN PS

12       v.

13   STOMER FAMILY 2000 REVOCABLE
     TRUST dba STROMER REALTY, et al.,
14
                Defendants.            ORDER
15   _____/

16              This case has been closed since December 14, 2011 (Dkt. No. 51).  However,

17   pending before the court is a motion to set aside the dismissal of this case filed by intervening

18   non-party lien claimant, Elena Sadur (Dkt. No. 52).[1]  The court has required multiple rounds of

19   briefing in regards to Sadur's motion.  Most recently, the court ordered plaintiff and Sadur to

20   each file a supplemental brief addressing topics outlined in that order, which would assist the

21   court in finally resolving the pending motion.  (See Order, June 12, 2012, Dkt. No. 91.)

22              On June 21, 2012, however, plaintiff filed what is essentially an ex parte request

23   for a stay of proceedings, which explains that plaintiff is seriously ill and cannot appropriately

24

25   _____
          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

respond to the court's June 12, 2012 order (Dkt. No. 92).[2]  Plaintiff seeks a stay of at least six

months in light of his impending treatment for, among other serious health problems, his recently

diagnosed metastatic squamous cell carcinoma.  Plaintiff submitted letters from three of his

treating health professionals, including a surgical oncologist, substantiating plaintiff's health

maladies and the concomitant extended course of treatment to attempt to cure plaintiff's cancer.

Upon review of plaintiff's request, the court stays the briefing of Sadur's motion

to set aside the dismissal and closure of this case.  Plaintiff's submissions support the severity of

his illnesses and the significant and extended treatment required.  Additionally, there appears to

be no risk of prejudice to Sadur given that she is pursuing her liens in other cases where plaintiff

is represented by counsel.  (See, e.g., Louie v. Dialysis Clinic, Inc., No. 2:10-cv-02113 JAM KJN

(E.D. Cal.).)[3]

The undersigned notes that plaintiff very frequently files lawsuits in this court,

proceeding with counsel in some cases and proceeding without counsel in others.  Indeed,

plaintiff opened a case in this court on June 20, 2012.  (Louie v. City of Yuba, 2:12-cv-01643

LKK KJN (E.D. Cal.).)  Were plaintiff pursuing other claims pro se while also seeking a six-

month stay of the briefing in this case, the undersigned would be inclined to deny plaintiff's

request for a stay.  However, it appears that plaintiff's only remaining open cases in this court are

those where plaintiff is represented by counsel.

Accordingly, IT IS HEREBY ORDERED that:

1.	Plaintiff's request for a stay of proceedings (Dkt. No. 92) is granted, and

the briefing on lien claimant Elena Sadur's motion to set aside the dismissal of this case is stayed

for approximately six months.

---

[2]  Although the court received plaintiff's request on June 21, 2012, that request was, for some unknown reason, not docketed until June 27, 2012.

[3]  In Louie v. Dialysis Clinic, Inc., plaintiff is suing the facility where he receives dialysis treatment.  Ironically, a Nephrology Social Worker from Dialysis Clinic, Inc. is one of the health professionals who wrote a letter in support of plaintiff's request for a stay in this case.

2.      The Clerk of Court is directed to administratively dismiss Elena Sadur's motion to set aside the dismissal of this case (Dkt. No. 52), subject to being re-instituted after the stay expires.

3.      On or before December 14, 2012, plaintiff and Elena Sadur shall file status reports, or a joint status report if possible, indicating whether a live dispute remains vis-a-vis Sadur's motion to set aside the dismissal of this case.  Thereafter, the court will re-institute Sadur's motion, if necessary, and set a further briefing schedule in regards to that motion.

IT IS SO ORDERED.

DATED:  June 28, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3