UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

Plaintiff,

v.

STOMER FAMILY 2000 REVOCABLE TRUST, et al.,

Defendants.

No. 2:11-cv-0108-JAM-KJN PS

FINDINGS AND RECOMMENDATIONS

United States District Judge John A. Mendez dismissed and closed this ADA case on December 14, 2011, after plaintiff George Louie's claims were abandoned by the Chapter 7 bankruptcy trustee in plaintiff's bankruptcy action and plaintiff had settled his claims with defendants. (ECF No. 51.)

Subsequently, on December 16, 2011, third party lien claimant Elena Sadur filed a motion to set aside the dismissal of the action, contending that plaintiff had failed to obtain Sadur's consent to a settlement and dismissal of plaintiff's claims against defendants. (ECF No. 52.) Sadur noted that Federal Rule of Civil Procedure 64 provides that in a federal action, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64. In turn, California Civil Procedure Code section 708.440 states, in part, that "no compromise, dismissal,

settlement, or satisfaction of the pending action… may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court….” Cal. Civ. Proc. Code § 708.440(a). Thus, Sadur argued that because Sadur's consent to the settlements and dismissal was not obtained, the district judge's prior dismissal of the action was improper.

Thereafter, the undersigned permitted several rounds of supplemental briefing, in the course of which it was established that plaintiff had settled with most of the defendants for injunctive relief, with the exception of three defendants from whom plaintiff had obtained $6,000 in total on or before January 28, 2011. (See Declaration of George S. Louie, ECF. No. 90, ¶ 3.) Specifically, plaintiff represented that he obtained a monetary settlement of $2,000 from each of the following sets of defendants: (1) Glines Carpet, Inc., doing business as Carpet Cleaners; (2) Balwinder Malhi, Ranjinder Malhi, and Nice Inn Motel; and (3) Kenneth L. Apple, doing business as Sunburst Patio & Fireside. (Id.) On June 29, 2012, before Sadur's motion could be resolved, the case was stayed in light of plaintiff's serious and well-documented metastatic squamous cell carcinoma and other health problems. (ECF No. 95.) The stay was again continued due to plaintiff's documented health condition on January 4, 2013. (ECF No. 99.)

On July 11, 2013, Sadur filed a status report indicating that plaintiff had died. (ECF No. 116.) The status report indicated that a live dispute remains with respect to Sadur's motion to set aside the dismissal, because plaintiff "has never turned over the $6,000 that he admitted to receiving prior to dismissing this case without Sadur's consent." (Id.) Sadur requests that the court find plaintiff and his estate liable to Sadur for the $6,000. (Id.)

For the reasons discussed below, the court finds that Sadur's motion to set aside the dismissal and closure of the case should be denied.

As an initial matter, Sadur has not provided any binding authority suggesting that California Civil Procedure Code section 708.440, to the extent incorporated by Federal Rule of Civil Procedure 64, compels the court to re-open an action that has been closed since 2011, thereby allowing Sadur to step into the shoes of plaintiff, start the entire case over from step one, conduct discovery, etc. Such a result would be particularly impractical and unfair to the

defendants, especially given that plaintiff is now deceased.

Furthermore, to the extent that Sadur desires to have the case re-opened merely to have the court issue an order for plaintiff's estate to pay Sadur $6,000 (i.e., the total amount plaintiff received from settlements in this action), Sadur has not shown why this action is the appropriate vehicle to seek such relief. The liabilities forming the basis of Sadur's lien do not derive from this case, but instead from judgments *in other cases*. Given that the only settlement money has already been paid to plaintiff, there is for all practical purposes no outstanding money in this action to which Sadur's lien can attach, unless the court were willing to undo all the settlements and start the entire action from scratch, which would be inappropriate for the reasons discussed above.

Although Sadur may potentially be able to directly assert some type of claim against plaintiff's estate, this action is not the proper forum for such a claim. Apart from the lien that she filed, Sadur has no independent claim in this action, and none of the actual parties to the action have requested that the action be re-opened. Even though Sadur is not doubt frustrated with this result, the court finds, after considering the interests of all parties, that re-opening the case would not be in the interests of justice.

Accordingly, IT IS HEREBY RECOMMENDED that third party lien claimant Sadur's motion to set aside the dismissal of the case (ECF No. 52) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

IT IS SO RECOMMENDED.

Dated: July 19, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE